IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEONARD JACKSON and CHERYL JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT VERNON FIRE INSURANCE COMPANY and DONNA GEISSLER,<br><br>Defendants. | Case No. CIV-24-504-SLP<br><br>(District Court of Oklahoma County, Case No. CJ-23-5892) |

**O R D E R**

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 4]. Defendant Mount Vernon Fire Insurance Company has filed a Response [Doc. No. 5], and Plaintiffs have filed a Reply [Doc. No. 6].

**I.    Introduction**

After their property was allegedly damaged by a storm in October 2021, Plaintiffs made a claim with their insurer, Mount Vernon. Mount Vernon denied the claim, so Plaintiffs filed a state-court action asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and intentional and/or negligent infliction of emotional distress. *See* [Doc. No. 1-4] ¶¶ 5–9. Plaintiffs named both Mount Vernon and Donna Geissler as Defendants.

Mount Vernon removed the action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Although Mount Vernon acknowledges Ms. Geissler is a non-diverse defendant, it contends she has been fraudulently joined in this action. *See* Notice of

Removal [Doc. No. 1] ¶¶ 2.4–2.5.  Plaintiffs have moved to remand, contesting Mount Vernon's allegations of fraudulent joinder.

## II.     Governing Standard

A party invoking federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper.  *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014).  A defendant may remove an action from state court if the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  As is relevant here, federal district courts have original jurisdiction over actions where the parties are completely diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  Parties are completely diverse only if no plaintiff is a citizen of the same state as any defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

An action may nevertheless be removable if a plaintiff fraudulently joins a nondiverse party to defeat federal jurisdiction under § 1332.  In such cases, the Court will disregard the citizenship of the fraudulently joined defendant for diversity purposes.  *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013).  Specific allegations of fraudulent joinder permit the Court to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd v. Fawcett Publ'ns Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). To satisfy its burden, "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[1]  *Id.* (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

To achieve remand on the second prong, the defendant must show that there is "no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000) (cleaned up).  "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced."  *Id.* at * 2; *see also Dutcher*, 733 F.3d at 988 (distinguishing between fraudulent joinder inquiry and question of whether "plaintiffs have stated a valid claim" against allegedly fraudulently joined defendants); *Johnson v. State Farm Fire & Cas. Co.*, No. 19-CV-250-JED-FHM, 2019 WL 5388521, at *3 (N.D. Okla. Oct. 22, 2019) (applying "*Montano*'s [no possibility] standard to determine whether [removing insurer]

---

[1] Because Mount Vernon does not argue actual fraud in the pleading of jurisdictional facts, the Court's analysis is confined to the second prong.

has met its burden under *Dutcher* to demonstrate the plaintiffs' inability to a establish a cause of action against [nondiverse defendant]").

## III. Discussion

As an initial matter, Mount Vernon urges the Court to confine its fraudulent joinder inquiry to only the facts alleged in the Petition. *See* [Doc. No. 5] at 1, 3 (first citing *Copper Basin Fed. Credit Union v. Fiserv Sols., Inc.*, No. 1:11-CV-203, 2011 WL 4860043, at *4 (E.D. Tenn. Oct. 13, 2011), and then citing *Smith v. Allstate Vehicle & Prop. Ins.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014)). While the Court agrees Plaintiffs may not use their Motion to add new claims or parties to their pleadings, Defendants identify no such attempt at amendment. *See* Pet. [Doc. No. 1-4] ¶ 9 ("Defendants have breached the contract of insurance, breached the duty of good faith and fair dealing, and committed the torts of intentional infliction of emotion distress and/or negligent infliction of emotional distress."). At most, Plaintiffs' motion adds additional facts describing Ms. Geissler's role in the claim.[2] Unlike consideration of a Rule 12(b)(6) motion, the Court may consider "the allegations in the petition, the supplemental information and allegations in the parties' briefs." *Smith*, 2014 WL 1382488, at *1.

Despite the high hurdle it must clear to establish fraudulent joinder, Mount Vernon makes only a halfhearted attempt to do so. Its Response focuses primarily on the threadbare

---

[2] For example, the Motion explains: (1) Ms. Geissler is "a claim handler [that] appeared physically at the business location" on behalf of Mount Vernon shortly after the alleged storm damage occurred, and (2) Mount Vernon denied the claim "[e]ven though Ms. Geissler on her very first visit to the premises admitted that the business had incurred at least $50,000 in covered losses, and then the business suffered separate subsequent losses." [Doc. No. 4] at 2.

4

nature of the Petition.  To be sure, both the Petition and Motion are extraordinarily sparse.  But so too is Mount Vernon's four-and-a-half-page Response.[3]  The burden to establish fraudulent joinder belongs to the removing defendant, and Mount Vernon simply has not satisfied it.

For example, Mount Vernon offers just four sentences aimed at Plaintiffs' intentional infliction of distress ("IIED") claim.[4]  *See* [Doc. No. 5] at 4–5.  And those four sentences do nothing to argue Plaintiffs would be *unable* to establish their IIED claim against Ms. Geissler in state court.  Instead, they argue "Plaintiffs' pleadings offer nothing to support" this claim.  *Id.* at 4.  To this end, the Response appears to improperly conflate the fraudulent joinder analysis with the 12(b)(6) analysis.  *See, e.g.*, *id.* at 3 ("Plaintiffs' inability to state a claim that could result in recovery against Geissler shows that she has been improperly joined and must, therefore, be disregarded for purposes of determining diversity jurisdiction.").  IIED claims are not barred against adjusters as a matter of law, *see Johnson*, 2019 WL 5388521, at *4, and Mount Vernon offers nothing to establish the non-liability of Ms. Geissler "with complete certainty."  *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot*, 378 F.2d at 882).

---

[3] Mount Vernon does not attach any supporting materials to its Motion.  As explained above, the Court may to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd*, 329 F.2d at 85 (citations omitted).

[4] Because Mount Vernon has not met its burden as to the IIED claim, the Court need not address the viability of Plaintiffs' other claims.  *See Johnson*, 2019 WL 5388521, at *5 *(citing Montano*, 2000 WL 525592, at *2).

The only case Mount Vernon cites in support of its IIED argument is *Kraszewski v. Baptist Med. Ctr. of Okla.*, Inc., 916 P.2d 241, 248 (Okla. 1996). According to Mount Vernon, this case stands for the proposition that "before the tort of outrage may be submitted to the jury, the court must independently determine whether Defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." [Doc. No. 5] at 5. Given the markedly different procedural posture of that case, however, it does nothing to strengthen Mount Vernon's fraudulent joinder argument. The question of whether Plaintiffs' IIED claim may ultimately be supported by enough evidence to be submitted to a jury is wholly untethered from the analysis before the Court. Based on the arguments presented, the Court concludes Mount Vernon has not met its heavy burden to establish fraudulent joinder. *See Dutcher*, 733 F.3d at 989 (rejecting defendants' fraudulent joinder argument while acknowledging such result "does not mean that the plaintiffs have stated a valid claim against [defendants,] [o]r even that [defendants] are not somehow fraudulently joined").

## VI.     Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc. No. 4] is GRANTED. This action is remanded to the District Court of Oklahoma County, State of Oklahoma. The Clerk of Court is directed to take all actions necessary to effect the remand.

IT IS SO ORDERED this 18th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE